Well, good morning one and all. So, today, we have a special treat. And it's not listening to you all right away. It is the swearing in of my law clerks. Which I am going to proceed with right now. They look at each other, what's he talking about? That's right, you have to come forward. Yeah, over here, in front, in front. They're all nervous because they've been working so hard on these cases. It's great, I love to see the sweat. And so, you're wondering what kind of team have I assembled for my law clerks. And it's a great team. Of course, the writing here, they don't appear in the same order. So, I will tell you, the tall gentleman on my right is Justin Deuce. Years ago, I got his name once. It's never going to happen again in life. He has the dubious distinction of sharing with me an alma mater. He's a Harvard fellow. And next to him is Jeff Skinner, my Columbia man. And, of course, close to my heart because I've spent so much time at Columbia. And next to him is Noah Casis, who is a Yale person. And next to him is Samuel Theipen-Bermeo, who is also, besides being my crackerjack law clerk, my teaching assistant for all of the teaching things that I do in New York at Cardozo Law School. All of them are great, fabulous, and they should be proud members of our court. And I am happy to swear them in. But I think you're going to do the official swearing in. Please raise your right hand. Do you solemnly swear or affirm that you will demean yourself as an attorney and counselor of this court uprightly and according to law, and that you will support the Constitution of the United States? Congratulations. Okay, so now we want the moment. So you'll all have to bear with us just a second. Where are you, Lynn? I think we're going to take the moment. I'm ready. I'm going to smile. I zoomed it up. Do you have my good side? You have your side. Good girl. You too. No, I'll do a photobomb after. Okay. I think we're good. That's my permanent law partner. So, now. Judge Greenberg, are you on? I'm here. I'm sorry you've missed all the festivities thus far, but I know that you will now have some fun. All right. Judge Greenberg is joining us by phone, and if you hear a rumbling, let's just sort of give him a moment so that we can quiet down in our fray here and get whatever questions that he has to pose. Counsel? Good morning, and may it please the court. My name is Susan Roberts. I represent the appellants in the case of Kayla Kubiak v. Ken McMillan School District, Dr. Nick Byatt, Laurie Mayer, and Michelle Moeller. Do you want to reserve some time? I do, and thank you for reminding me. I would like to reserve three minutes for rebuttal. Thanks very much. Of course. This matter involves the enforcement of the district court's May 16, 2014, order where the parties stipulated to engage in binding arbitration. And let me explain how we got there. The underlying nature of this case was rather sensitive. I think we're good. Do you know? Okay. We're good. Judge Schwab recommended that the parties proceed to binding arbitration rather than have a trial. We're going to help you out. We're going to jump right in. Okay. So we're prepared. Sure. So the relief you seek is to vacate the district court's order and to dismiss the case. That is correct. That is correct. Is the district court order the million and 50,000 alternatives? I didn't hear the beginning. Is it? Is the district court order the question here of the million and the 50,000 alternatives? Yes, Judge Greenberg, that is correct. Judge Schwab imposed those numbers on us, $50,000 and one million, as the parameters of the high-low. It is a problem position that there were no parameters. The high-low was never agreed to. Those numbers were never discussed. In fact, Judge Schwab is incorrect in his order where he states that the $50,000 was the low number. And that is what he awarded Ms. Kubiak. But, in fact, the $50,000 was the very highest offer we made at the mediation before Ms. Dodge. Well, I mean, your point is it doesn't matter what your lowest was and what your highest was. There's no basis for this in any case, right? That is absolutely correct. So the question is, is it an error of fact that you're complaining of or an error of law or both? And if so, what is it? Well, there was no fact-finding. There was no hearing held. In fact, given the dispute between the parties as to what had happened, I very much thought that perhaps Judge Schwab would schedule an evidentiary hearing, which he did not. But in the absence of the hearing, isn't the finding that, given the state of the record, isn't the finding that there was an agreement to a high, low $50,000, $1 million, essentially, a fact-finding? Well, perhaps. I'm just trying to figure out what the error is specifically. Well, we believe it's a misapplication of the law. This was a stipulation to proceed to binding arbitration. But the order also talked about the high, low. And so you have this to enforce. You can say there is an error in connection with enforcing or you're seeking enforcement of an order. Right. But the language that the defendant submitted to the judge included the reference to the high, low. So it wasn't just the binding arbitration. That is correct. That is correct. Although the language is very specific in that it said specifically, the party shall agree to the numbers for the high, low at the mediation before Patricia Dodge, who was our mediator. And it's our contention. And I think we laid it out in our brief. I took the court through the offers and the demands that were made. And, first of all, nowhere was $1 million ever demanded by Ms. Kubiak at the mediation. So I'm not really sure where Judge Schwab got that number other than the representation made by Mr. Jeffries in his brief. And, again, $50,000 was an incorrect number. But that goes back to Judge Radaway's point is then you're saying there's an error in the fact-finding and we're reviewing for a clear error as opposed to an error of the law, which we reviewed plenary. So understanding where you think the error was influences how we look at how our review operates. Right. Well, it's our position. I'm sorry. Do you want us to remain the matter for the judge to have an evidentiary hearing and determine whether or not the parties actually agreed to two numbers, the high and the low, and then say what they are and why, why they agreed to it. In other words, give the basis for the finding. Because I can't find the basis for the finding of the $1,050,000 right now. Your Honor, I agree that there is no basis. In fact, the evidence that we presented to the court shows quite the contrary, that there was no meeting of the minds, that we made it very clear that if $1 million were to be the high, that the school district defendants would absolutely not agree to a binding arbitration. That number was just, it was not possible for a school district to agree to $1 million. So just help us. You're saying it's an error of fact that will influence our review. We should, as Judge Greenberg just suggested, send it back, have a fact finding. There would be a fact finding that obviously there was no agreement and everything is beautiful. Well, I don't know if everything will be beautiful, but that certainly is an option of this court to send it back for a hearing. What would the basis for us to do other than that be? What would the basis be? What would the basis for us, from your perspective, to do other than remand for an evidentiary hearing? The information that was provided to Judge Schwab in terms of the documented evidence, that's what's going to come out in a hearing. My position will be consistent with what I argued in my briefs, as will, I assume, Apolline's counsel's position. I don't know that a hearing is necessary because the same information would be provided. It would give Judge Schwab an opportunity, though, to consider it. But it's not clear from his opinion whether he did or not. Well, we can't engage in fact finding, right? That is correct. I agree with that. If on the remand the court finds that there was no $1,050,000 high-law agreement, then even though they agreed to binding arbitration, that would just be voided. They'd have to try the case unless they come to some other settlement, of course. I mean, that would be the consequence of this. I'm not sure that I agree that that would be the consequence. Another possible consequence would be that there would simply be binding arbitration, but without a high-low. And, Your Honor, that's exactly, from our perspective, what the parties did. We entered into a binding arbitration without a high-low. As I documented in my letter to Judge Ziegler, our arbitrator, which was written contemporaneous to the mediation where we left without parameters, and I made that statement to Judge Schwab. So from an appellant's perspective, we were moving forward with binding arbitration with parameters of zero and infinity. Don't you think that one of the things that might have been troubling Judge Schwab is he signed an order submitted by the parties saying there's going to be an arbitration with a high-low. We're going to figure out the parameters of mediation. Two years later, he finds out no high-low. The parties went off on their own without asking to modify that order. Don't you think that that was influencing his views? And why didn't anyone go back to the judge and say, please modify the order that we, counsel, submitted to Your Honor? Clearly, that troubled him. And as a result, you're suggesting that, yeah, he signed an order, but it's not really one we have to abide by on our own. We decided not to. So how do you address him on that subject? Clearly, it troubled him. There's no question about that when you read his order. There was – the case had terminated at the federal – at the district court level. Where in the docket is that? Because I saw that reference. I didn't see an administrative closure. I didn't see anything like that, obviously, prior to the appeal being filed in this court. So I know the court was no longer acting on it, but I didn't see anything on the docket to reflect that. Right. I can't speak from memory right now, but I'm pretty sure that Judge Schwab states in his own opinion that the case had terminated and was then handed off to the arbitrator, Judge Nagler. So, yes. But he retained jurisdiction, so. He retained jurisdiction. But he thought that the parties would come to an agreement on the numbers. It just meant – what you're saying is it never happened. They didn't come to an agreement. Correct. Because we were so far apart at the mediation, it was a suggestion of the mediator to proceed without a high-low because the numbers weren't even close. What should the effect of the letter – this is your letter of June 20th. The seeming acquiescence of your adversary, what effect should that have in our consideration? Well, we believe that – right, my opponent acquiesced in that, in that he never made a response whatsoever. So from our perspective, there was a meeting of the minds that we were proceeding forward without a high-low. So we should deem that to essentially be an admission? Yes. But why didn't somebody just tell the judge, look, we never did come to an agreement and we have this arbitration pending, and what do we do now? Of course, unless the parties would agree to an arbitration without a high-low, you couldn't have an arbitration because arbitration is a matter of agreement. And the agreement included a high-low, but it was never fixed. So I suppose that you could say, well, there was no agreement for arbitration without a high-low, and therefore there's no arbitration. I mean, that seems to me where you're heading. Well, frankly, Judge Greenberg, I don't think it occurred to anyone at the time, to be quite frank, to take that back to Judge Schwab when we left that mediation and there was no high-low agreement. We proceeded forward in good faith with an arbitration, and as I stated, to us, from our perspective, the parameters would have been zero and infinity, a higher number. Let me ask you one other question. Throughout the papers, you talk about the right to contest liability? Yes. Which seems to me to be a red herring if you're anticipating a high-low agreement, because if you came to a high-low agreement, right, it would be irrelevant whether you contested liability because you'd fight liability, and if you won, the answer is $50,000, just assuming for the moment. If you won, the answer would be $50,000. If you lost, the answer would be a million. So I don't understand what importance you want us to ascribe to this notion of the right to contest liability. The importance in this case is that the parties, if you, again, look at the documentary evidence that we have submitted, I believe appellants had made it very clear that the high-low was to be imposed only on the damage phase of the arbitration. The ability to contest liability would mean that we could, as Judge Ziegler found, walk away with no liability and no payment. But isn't that contrary to every other high-low arrangement? I think that's what Judge Grenier was driving at, is that high-lows are in place to give certainty to a plaintiff they'll get something and cap a defendant's exposure, and that's why it's an obviously immaterial term, and we all understand that. Sure. But the way it operates is it guarantees a recovery. So as Judge Grenier was saying, simply by reserving your right to challenge liability, it shouldn't matter in the high-low context, unless you're trying to suggest that you folks had a unique high-low arrangement that the high-low only applied if there was a finding of liability, which would be perhaps to make this whole thing a bit ambiguous. Well, that's certainly not reflected in the documents, if that's what you meant, which is why the question. So help us. Well, I agree that traditionally that is how high-low operates. In this case, though, and again, if you look at the communications back and forth between counsel, a high-low is an agreement, it's a contract, and you can agree to all kinds of terms as you move forward on a finding arbitration high-low. And in this case, we, from our perspective again, made this exception to carve out or to separate the liability and the damage phases, and that the high-low, which was made very clear in e-mails exchange, would be applied only if a finding of liability occurred. That was your objective you did not achieve. Well, Judge Siegler, interestingly, though, he did not make any award in his opinion. He just found summary judgment and did not, say, pay $50,000 or pay any amount of money to the plaintiff. All right. Thanks so much. We'll get you back on the bottle. Thank you. Good morning, Your Honors. May it please the Court, James Jeffries on behalf of the appellee Kayla Kubiak. Your Honors, basically, just to dive right into this without giving a lot of background, we obviously agree with the district court's decision in this matter. What the appellants are not facing at this point is that the district court did review everything at its disposal. Back when we had the initial case management conference, there was a discussion about numbers. I can't tell you from memory what that was from, but Judge Schwab looked at the transcript. He ordered the transcript after I filed my motion to enforce. Appellants filed their reply, and I filed another response. What is the basis to have heard the mention of numbers in the absence of an agreement to then say, these are the material terms of the agreement? I mean, we are talking about the material terms, right? Correct. So where is the basis in the record for the judge to have come to these two numbers as the material terms of the agreement? Well, at the initial case management conference and at the early neutral evaluation with Attorney Dodge, in our session, we put forth the high of one million. So was that rejected? That was rejected, Judge Greenberg, I believe. But afterwards, there was a private meeting between Ms. Dodge and counsel, myself and Ms. Roberts, and at that point in time, we discussed the 50,000 and one million. Yeah, but you're not giving us the magic word. You didn't say, we agreed. So in the absence of an agreement, what are we to do here? Well, we did agree, Your Honor, that the order was submitted by Ms. Roberts and we did a high-low. Second, you agreed on a high-low, but you didn't agree on what the high-low was. In other words, the amount. Well, in my recollection, Judge Greenberg, Judge Green, Wayne, Judge Schwartz, that at the initial case management conference, Judge Schwab actually asked what we were looking for, and I said a minimum of $50,000. Are you a witness now? No, I'm not a witness. If you're not a witness, then what possible use could we have to that? Well, when Judge Schwab made his decision on the basis to enforce the high-low agreement order, he obviously ordered the transcript because that's reflected in the docket where the judge received the transcript. I assume Judge Schwab reviewed the transcript. I assume he reviewed a report of some kind from Ms. Dodge. He also reviewed all the pleadings. We don't have to actually assume. This is what we have Judge Schwab saying he considered. The records which have been attached and referenced in the motion, response, and replies submitted by plaintiff as an officer of the court indicates the lowest offer was $50,000 and the highest demand was $1 million. So we know what he considered, and basically it reads to me that he considered the representations in the briefs and whatever was attached to them. And I think what my colleague Judge Greenway is saying is where is the evidentiary support? There's no declaration from – that's a factual matter. Lawyers can't play two roles, and I completely understand why he said as an officer of the court, he's accepting your view, but basically he made arguably a credibility determination. And how is it that he was able to do that without an evidentiary? I don't know what was – I'm sure you're a very credible person, so please don't take that personally. No, no, I understand. You look really credible. Thank you. Absolutely. Thank you. Thank you for that, Judge Schwartz. The honest answer to that is I do not know what was going on in Judge Schwab's head in making his determination, but what I do know is that he did state that, so that is my answer. I can't comment on that. Counsel, the fact that somebody said their demand was a million is not the same thing as saying that the defendant agrees that the high loan number, the high number will be a million. Now, can you point to anything in the record or any written statement or any oral statement in which the defendant said, we agree to a high number of $1 million? No. Well, then how can there be an agreement? This is big money. I mean, at least to a judge it's big money. And a million dollars, it's a lot of money. So how can there be an agreement that the fact that somebody says my demand is a million doesn't mean that somebody else agrees that that will be the high number? Valid point, Judge Greenberg, but the fact of the matter is that this high-low agreement was written into an order and now we went through. Wait a second. The million and $50,000 wasn't written into an order. No, it was not. All right. So it was written into the order that they would agree to the amount later, and if you say I'm going to agree later to a fundamental aspect. Now, I understand that you can make an agreement and not put every aspect of the agreement in there, something that's not too important, but this is really important. And how can there be an agreement without a direct showing that somebody agreed to the numbers? It's critical. I understand your point, Judge Greenberg, but we point to Judge Schwab's, as Judge Schwartz just indicated, essential credibility finding, which would take it out of the purview of this court. But is the credibility finding that the defendant agreed to the million high number? I can only go by what the judge's language was in his order. He did not say that, but he did say after reviewing X, Y, and Z as far as the record's concerned, I find that, and he indicated the numbers. I thought the defendant from the beginning said they're not going for the million high number. So, I mean, what's the basis for the finding? You can't pull a finding out of thin air. I believe that after the summary judgment was rendered and I then subsequently demanded the low $50,000, that's when the $1 million came up. The letter that they wrote to Judge Ziegler about not wanting to do the high-low because the parties are too far apart, as Judge Schwab ruled was, in his opinion, for letting this order stand for the last, now, three years. I can see where a judge, seeing what happened here, will figure, look, I'll enter the order for the low. And no one is going to complain about that because the defendant was ready to go for that anyhow. And I can understand it. It's human nature. But that's not what happened. They don't want to pay the low because they say that they never did agree to pay it in a high-low agreement because there were no numbers set. So, I mean, what do we do? Well, Judge Bloomberg, if I may, and, Your Honors, if I may suggest. Let me just say one thing further. Yes, sir, go ahead. If the judge said, listen, I've reviewed all this, and I find that the defendant agreed to the $1,050,000 for the following reasons, and then he purchased some evidence, now you've got a different case. But that's not what happened. Correct. It is not what happened. What did happen in this case is, in my opinion, one better, in that the judge actually said, no, this order is enforceable and stands as written. Judge Schwab was very careful to point out at least four or five bases for his opinion. And the most important one that I felt that he really talked about was the fact of judicial construction of the order. If you take the order as is, and it has the line about the high-low, and then under it is the line about the liability issue, it does render the entire order useless if the defendant has their cake and eats it, too, with regards to liability. How is the defendant going to, whatever, has his cake and eat it, too? I never liked that one. Well, I can't eat cake anymore, Judge, so I'm not going to comment on that. No, but back to the order. I really want to focus on the letter, which you seem to breeze over. Why shouldn't we take the June 12th letter as acquiescence on your part? The letter, you'll have to refresh my recollection. Is that the letter from Dendis Ziegler? Yes. Well, because we have an order. I did jot that down. That was addressed in my briefing. I also jotted it down when you asked opposing counsel that. There is an order in place. We've had an order in place at that point. Time was over a year old, almost two years old. I'm so sorry. What order are you talking about? Because the Schwab order, I thought, was dated May of 14. Right. The letter that I'm referring to is June of 14. Are we talking about three weeks? I'm not following the letter. I think we're talking about three weeks. At this point, when you have the May 16th order, it merely says that there's going to be a high-low, and it's going to be discussed and agreed upon on June 12th. Okay? So now you have a letter dated, let's see, a letter from, right, I'm so sorry. So a letter dated just after the mediation, just reciting what happened at the mediation and the fact that there is no agreement with regard to a high-low. So basically you're talking about three weeks, and I'm not certain what order you're referring to that gave you solace such that you wouldn't respond. Because the order from Judge Schwab merely said that you're going to agree on amounts at the mediation. By your own admission, there was no agreement at the mediation, and six days later there's a recordation by counsel forwarded to you simultaneously that there is no agreement. So what is it that we're relying on that Judge Schwab has said that allowed you to say, I don't have to respond? To the letter? Yes. I don't think Judge Schwab addresses that letter in any way in that fashion. Judge Schwab addressed that letter as being cover on the part of the judge. That's his characterization. I'm asking you, given the state of the record at the time, which is an order that is equivocal on high-low, it says you guys are going to agree. The fact that the mediation occurred and there was no agreement, the fact that there's a six-day later recordation that there is no agreement, and in fact it says we have now agreed that the case will not be submitted as high-low since the parties were significantly far apart in their settlement positions at the close of the mediation. So if you disagree with this characterization, which said we now agree and there are only two people involved, it's you and Ms. Roberts throughout this, right? So why shouldn't we take that as acquiescence and, therefore, to say there was no agreement? I'm sorry, Judge. That's okay. Send it back. There should be an evidentiary hearing. Because that letter is subsequent to an order of court that said there was an agreement or a high-low arbitration. I'm so sorry. What is the order that you're referring to? May 16, 2004. So your position is that Judge Schwab's order, when it said there would be a high-low, supersedes anything that follows that says something to the contrary? Yes, unless there was a modification done subsequent. I mean, it's a court order. And how do you get around? Your adversaries argue, and they point to Appendix 109, that plaintiff's counsel wanted to proceed without a high-low. Is that true? No, I've never wanted to proceed without a high-low. Because it was your representation made at Appellant's Briefing 29 referencing Appendix 109. Well, I think way in the beginning of the case when we were discussing settlement, but we were on high-low all along after the order of May 16, 2014. Okay. So your reason for not responding to your adversary's letter reporting to the arbitrator there was no high-low is you said, well, there's a court order saying there's a high-low, so there's no need for me to respond. Correct. Because it says high-low arbitration. I mean, there are arbitrations. It doesn't say high-low arbitration. It says that you all will agree, you all will come to an agreement. And if there is no coming to an agreement, how are we to come to a different determination? That's what I'm not getting. Well, I don't think this Honorable Court can come to a different determination other than with Judge Schwab opined and ordered in his order enforcing our order. How do you respond to your adversary's position that because the order included language that says the defendants reserve the right to challenge liability, that the high-low parameters, if any, were to have been agreed upon would only be triggered upon a finding of liability? Or is that a disputed fact, too? That is, the order does not say that. The order does not say that if it's a high-low arbitration and, you know, if someone judges successfully one part or the other, then that renders no high-low. Because a high-low is a type of settlement in this case. I mean, my client gave up, you know, the ceiling. She agreed to a ceiling but also, in return, got a floor on potential damages which benefited the defendant. So that's our position on that. Let me ask you this carefully. If we came, or if on remand, the district court came to a conclusion that the parties never agreed upon the high-low numbers. They never agreed upon. If we took a look at the record and we made that determination, or if we remanded it and the district court made that determination, you have not challenged the summary judgment against you, and that would mean that you leave here empty-handed. No. I disagree, Judge Greenberg. I think that if it would be remanded, I think Judge Schwab would then hold an evidentiary hearing and presumably consider the same evidence that co-counsel and I have. Would he consider the evidence of a liability? In other words, nobody challenged, as far as I could see, on this appeal, well, nobody, you'd be the person to challenge it. You did not challenge the summary judgment on liability against you. No, because the reason why is because we have a high-low agreement. Well, yeah, but suppose the court says, no, there is no high-low agreement because a critical and indisputable aspect of it are the numbers, and there were no numbers agreed upon. If that could happen, you know, that could happen. It's not far-fetched. And if it does happen, then you're out of court, aren't you, because there was no challenge to the summary judgment. Yes, Your Honor, that would be the unfortunate result, but that would require both this court and the lower court to virtually ignore years and years and decades of case law and attorney practice regarding high-low agreements. You know, I don't see why you blame the court. I'm not blaming the court, Judge. You could write a – there should have been a letter written saying, you know, one of the beauties of being a judge is that you sit in a – I haven't been in practice since November 5th, I think it was, 1971, so after a while you get to – but I can remember. One of the things about being a judge is that you don't – you have the beauty of doing everything in hindsight, so I can understand it. But still, if a letter had been written saying, we're only proceeding on the basis of a high-low, and these are the numbers, and please indicate whether you agree or not. If it wasn't agreed, then the case could have been tried. Judge Greenberg, I wholeheartedly agree with you if we didn't have an order of court from Judge Schwab saying it would be a high-low agreement, a high-low arbitration. I agree with you, but we have that here. But he assumed that the parties could agree upon the numbers. He didn't say, here's the numbers. In other words, he said, we're going to make a high-low agreement, and there will be a high-low agreement, and they'll agree upon it at this meeting in succession. Now, the trouble is that didn't happen. The numbers didn't happen, I mean. At least I don't see any explicit statement anywhere that the two sides agreed on the $1,050,000. I just don't see it. All right, thank you so much. Thank you, Your Honor. If I may, just a couple of points. The numbers here are really critical. We have a dispute, obviously, as to what occurred at that mediation. My position is a million dollars was never put out there. Their opening demand was $1.5 million, to which we offered $8,000. Technically, if Judge Schwab were awarding the low, the low should have been $8,000. $50,000 was the appellant's last and final offer. But that's got to be your alternate argument, right? Your primary argument is there's no basis to pick any numbers. Absolutely. There's nothing in the record. Counsel can't point to anything in the record, nor did Judge Schwab that indicates this agreement was made between the parties, and there were numbers, definite numbers, which are essential terms, obviously, to this kind of an agreement. And I think, Judge Ziegler, I think you've realized that letter is critical. That letter was written almost contemporaneous following that mediation. And I know counsel, he is a very careful lawyer. I'm sure he read that letter, and if he had any dispute, he should have raised it then. Appellants proceeded with the understanding, everybody was in agreement, there's no high-low, we're moving forward. And that's how we proceeded in this case. You make a representation in the briefs at page 29, and ask your adversary about it, point to Appendix 109, that plaintiff wanted to proceed without a high-low. Right. Where does that come from, or is it just an interpretation of a letter? No, it's actually a quote from Appellee's response to our reply to her motion to enforce the judgment. So it's a construction of something represented in a brief that you wrote about an agreement. Correct. As we get out of a brief, it's not evidential. That is correct. It is written in the record. I don't see how the judge could have said there was a definite high-low understanding of numbers, because otherwise I can't see how he could have entered a judgment for nothing for the plaintiff. If he thought there was a high-low with a $50,000 low, he would have entered a judgment for $50,000. But he didn't do that. He just went across it, period. I don't think he thought that there was an agreement that was enforceable. That's correct. His opinion is devoid of any numbers at all, or any direction to Appellee's to pay a certain amount of money to Ms. Kugiak within a certain amount of time. What is the basis for the statement, we have now agreed in the June 20, 2014 letter that you drafted? What was the basis of that? Yes. I can only tell you from my perspective. At the end of the mediation, Ms. Dodge met with counsel in private without our respective parties. And that was the point at which we were to discuss the terms and come to an agreement on a high-low if we could. Her, right out of the gate, her statement to us was, because when we left, when we ended the mediation session that day, Ms. Kugiak's final number was at $975,000, and our final number was $50,000. And Ms. Dodge said to us, clearly, you are way far apart here to establish any numbers. I recommend, Ms. Dodge says, you proceed without a high-low. To which my memory is, we agreed to that. And therefore, my letter to Judge Schwab, which actually, I wrote that letter. It wasn't cover. Mr. Jeffries directed his request for arbitration to the wrong arbitrator. We had chosen Judge Ziegler over Mr. Cooper. So I wrote to correct that and make sure that Judge Ziegler proceeded. And I added that paragraph just to clarify things, just not realizing we would ever be in this situation one day. So. Okay. Thank you. Thank you so much.